UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 327 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| FRANK ROMAN | ) | |

**GOVERNMENT'S MOTIONS IN LIMINE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following motions in limine seeking pretrial rulings on the admissibility of certain evidence and the propriety of certain arguments.

**I.     The Government Moves to Preclude Evidence and Argument Regarding Penalties.**

The government respectfully moves this Court to preclude the defendant from introducing evidence, advancing arguments or questions, or otherwise mentioning the potential penalties faced by the defendant if convicted. This includes references to extra-judicial penalties the defendant may face, such as termination of his employment with any law enforcement positions, in addition to references to judicial punishment, such as possible imprisonment.

The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579

1

(1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"(*quoting United States v. Rogers*, 422 U.S. 35, 40 (1975)); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict").

Mention of the potential penalties faced by the defendant would serve only the improper purpose of jury nullification and should therefore be barred. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'" (*quoting United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980))); *United States v. Patterson*, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

## II. The Government Moves to Preclude Evidence and Argument Designed to Elicit Jury Nullification.

The government respectfully moves this Court to preclude the defendant from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant." (*citing United States v. Kerley*, 838 F.2d 932, 938 (7th

Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993))); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'" (*quoting United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983))).

### III. The Government Moves to Preclude Evidence and Argument of Lawfulness and Non-Corrupt Conduct by the Defendant, Including Evidence of Prior Good Acts.

The government moves the Court to exclude all evidence offered by defendant of his lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a).[1] Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

In an effort to distract the jury from the charges against the defendant, defendant may seek to parade witnesses through the courtroom to testify that defendant was a good law enforcement officer who on prior occasions acted lawfully and displayed valor. Any evidence or argument (e.g., letters of commendation or citations) of this sort is inadmissible, and the Court should exclude it. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal

---

[1] Even evidence offered under Rule 405(a), of course, cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. *See* Advisory Committee Notes to Rule 405 (The rule "contemplates that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.* be confined to the nature and extent of observation and acquaintance upon which the opinion is based").

3

activity). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *See, e.g., id.; United States v. Beno*, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them).

To hold otherwise would be to eviscerate the carefully drafted limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584, 587. Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" which would inevitably ensue if defendants were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See, e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury").

### IV. The Government Moves to Preclude Evidence and Argument about the Motivation for Investigating or Prosecuting this Case.

Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir.

4

1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *Shields*, 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants."). For these reasons, the government seeks to exclude evidence about the frequency or infrequency of tax prosecutions, the prosecutorial motive or purpose for tax prosecutions, or the government's decision to prosecute this defendant as compared to other uncharged individuals.

V.  **The Government Moves to Preclude Evidence and Argument of Defendant's Filing of Amended Tax Returns Subsequent to the Indictment in this Case.**

The government moves the Court to exclude all evidence offered by defendant of his filing of amended tax returns for calendar years 1998 and 1999 on grounds that such evidence is not relevant under Rule 401 of the Federal Rules of Evidence. These filings were made on August 1, 2005, nearly four months after the defendant was indicted on April 7, 2005.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. An amended tax return filed post-indictment is not relevant to the taxpayer's intent at the time he filed the original return. *See Sansone v. United States*, 380 U.S. 343, 354 (1965) ("We agree that the intent to report the income and pay the tax

sometime in the future does not vitiate the wilfulness required by § 7203 [failure to file statute]); *United States v. Ross*, 626 F.2d 77, 81 (9th Cir.1980) (holding that the defendant's filing of subsequent accurate tax returns and his offer to pay any delinquent taxes were not relevant to the charge that he had willfully failed to file tax returns in previous years); *United States v. Ming*, 466 F.2d 1000, 1005 (7th Cir. 1972) (same). Moreover, any probative value of such amended returns should be excluded because its "probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury." Fed.R.Evid. 403. *See United States v. Radtke*, 415 F.3d 826, 840 (8th Cir. 2005) (upholding the district court's exclusion of amended returns in 26 USC 7206(1) prosecution on grounds that any minimal probative value was substantially outweighed by the danger of confusing the issues and misleading the jury). As the 8th Circuit Court of Appeals explained in *Radtke*, "good faith at the time the original return" was filed is the critical question in a prosecution for filing materially false tax returns in violation of 26 USC § 7206(1). *Radtke*, 415 F.3d at 840.

In short, the amended returns at issue are self-serving exculpatory acts performed substantially after the defendant's wrongdoing was discovered, and therefore are of no probative value as to his state of mind at the time of the alleged offenses.[2]

## VI. The Government Moves to Admit Evidence and Argument of Defendant's Filing of A False Tax Return For Calendar Year 1997.

---

[2] The only instance where the amended returns at issue could become relevant would be if the defendant testifies inconsistently with statements made on those returns, in which case such amended returns could be used for impeachment. For example, if the defendant testified that he did not earn $26,000 in income in 1997, but filed an amended return admitting that income amount, the amended return could be introduced a defendant's admission for purposes of impeachment. In such an instance, the government would seek an limiting instruction explaining that the filing of an amended return does not bear on the defendant's state of mind at the time of the alleged offense.

In its case-in-chief, the government may seek to introduce evidence of defendant's filing of a materially false tax return for calendar year 1997. As with the years charged in the indictment (1998 and 1999), the 1997 tax returns omits any reference to income the defendant earned while working part-time as a security guard at Heavenly Bodies in 1997. The defendant first began working at Heavenly Bodies in 1997, and earned approximately $4,570 in income during that year.

The Court should admit this evidence because it proves intent and absence of mistake on the part of the defendants within the meaning of Federal Rule of Evidence 404(b). In pertinent part, Fed. R. Evid. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In determining whether evidence of other acts is admissible under the Rule, a trial court should use the well-established four-prong test that incorporates the relevancy requirement of Rule 403. United States v. Poole, 207 F.3d 893, 897 (7th Cir. 2000). These four factors are:

> (1) the evidence of the other act must address a matter in issue other than the defendant's propensity to commit the crime charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence of the other act must be sufficient for the jury to find that the defendant committed the other act; and (4) the other act must have probative value that is not substantially outweighed by the danger of unfair prejudice.

Id.; United States v. Joseph, 310 F.3d 975, 978 (7th Cir. 2002). The government may introduce Rule 404(b) evidence in its case-in-chief if the evidence is relevant to rebut a reasonably anticipated defense, such as a claim that the defendant lacked intent or knowledge or that the defendant acted by mistake or accident. See United States v. Lewis, 759 F.2d 1316, 1349 n.14 (7th Cir. 1985).

In this case, evidence that defendant filed a materially false tax return for calendar year 1997

readily meets each of the four prongs, and should be admitted by the Court. First, the evidence goes to a matter squarely at issue in the case: the defendant's intent to file a materially false tax return which failed to report his income earned at Heavenly Bodies. In part, the government intends to prove that defendant filed his 1998 and 1999 returns with the requisite intent by showing that they were not isolated events and that, in fact, defendant filed a tax return in 1997 which was materially false for the same reasons (i.e., omission of income earned at Heavenly Bodies), which would tend to negate any claim that the alleged falsehoods on the 1998 and 1999 tax returns in the indictment were somehow the product of bad luck or mistake.

Second, evidence of the falsity of 1997 tax return is similar to and close in time to the 1998 and 1999 returns, thereby meeting the second prong of the Rule 404(b) test. In this case, the 1998 and 1999 returns were filed in yearly succession, following the commencement of defendant's employment at Heavenly Bodies in 1997.

Third, evidence of the falsity of the 1997 tax return cannot be reasonably disputed, thereby meeting the third prong of the Rule 404(b) test. Like the 1998 and 1999 tax returns, the 1997 return does not report any of the income defendant earned from his part-time employment at Heavenly Bodies.

Fourth, as set out above, the probative value of the evidence of falsity of the 1997 tax return overwhelms whatever conceivable unfair prejudice there could be from it.

Accordingly, the government requests that the Court admit evidence that defendant filed a materially false tax return in for calendar year 1997 to prove the defendant's intent and absence of mistake.

## CONCLUSION

WHEREFORE, the UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, respectfully requests that this Court grant the government's aforementioned motions.

        Respectfully Submitted,
        PATRICK J. FITZGERALD
        United States Attorney

By: <u>s/ Stephen A. Kubiatowski</u>
     Stephen A. Kubiatowski
     Assistant United States Attorney
     219 South Dearborn, Room 500
     Chicago, Illinois 60604
     (312) 353-0589
     Stephen.Kubiatowski@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

### GOVERNMENT'S MOTIONS IN LIMINE

were served pursuant to the **district court's ECF system** as to **ECF filers, if any**, and were sent by **first-class mail** on **January 26, 2006**, to the following **non-ECF Filers**:

**Law Offices of Gerardo Gutierrez**
**53 West Jackson Blvd.**
**Suite 1122**
**Chicago, IL 60604**

By: s/Stephen A. Kubiatowski
STEPHEN A. KUBIATOWSKI
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-0589