UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Vs. ] | No.  05 CR 327 |
| ] | |
| FRANK ROMAN. ] | Judge Matthew Kennelly |
| ] | |

### DEFENDANT FRANK ROMAN S OBJECTIONS TO
### THE GOVERNMENT S MOTIONS IN LIMINE

COMES NOW the defendant, FRANK ROMAN, by and through his counselor at law, GERARDO SOLON GUTIERREZ, and respectfully objects to the Government s Motions *In Limine* as follows:

1.  **The Government Moves to Preclude Evidence and Argument Regarding Penalties**. Defendant acknowledges his duty under *Richardson* and *Lewis*. However, discussions concerning taxes, to wit: how taxes are collected, how they are reported and how tax penalties are assessed, calculated or imposed are fair game. And, while counsel does not intend to argue that if convicted the defendant would lose his right to carry or use firearms or work in law enforcement, many jurors might speculate whether this particular police officer will remain on the force. Thus, at the appropriate time, the Defense intends to ask for a limiting instruction that the jury is not to consider what if anything will happen to the Defendant Frank Roman should he be convicted of the felony offense charged in the indictment. This Court has an obligation to anticipate such speculation and to correct any juror mis perception.

2.  **The Government Moves to Preclude Evidence and Argument Designed to Elicit Jury Nullification.** Defendant acknowledges his duty under applicable Seventh Circuit

precedent, and its prohibition against attorneys arguing for jury nullification. However, the basic presumption behind the Government's motion *in limine* is that for the defendant to be found not guilty would constitute an unreasonable jury verdict. This palliative should equally be avoided at all cost.

3. **The Government Moves to Preclude Evidence and Argument of Lawfulness and Non Corrupt Conduct by the Defendant, Including Evidence of Prior Good Acts.**

    The Defendant acknowledges his duty pursuant to the requirements of F.R.E. 405. Methods of proving character through Rule 405 evidence include (a)(i) reputation: what the *community* thinks about a person's character trait, and (ii) opinion: what the *witness* thinks about a person's character trait. However, F.R.E. Rule 405(b) states in part that a specific instance of conduct has to be in the pleadings, where the substantive law calls for it. Specifically, the character of a person is plead as an issue in a claim or defense where character is an essential element of a charge, claim, or defense. Here the indictment charges that the defendant acted willfully in presenting a tax return form he knew was untrue, and signed a sworn document under penalty of perjury, that he knew to be a falsehood. This particular charge accuses the defendant of being not only a scofflaw, but a liar and a tax cheat. Thus, pursuant to F.R.E. 405(b), the Court should allow for specific examples of acts to show reputation, and opinion such as those seen in slander/defamation cases, or as in a civil case where the pleadings include punitive damages such as the daycare hiring of a child molester. As such specific acts that relate to the person's character trait, reputation and opinion may also be used. The cases cited by the government are inapposite to those charges filed in this matter or the types of evidence anticipated in this case. *See generally, United States v. Scarpa* (citation omitted)

(excluding taped proof that the defendants met regularly and did not discuss criminal activity); *United States v. Beno* (citation omitted) (Evidence of non-criminal conduct to negate inference of criminal conduct is generally irrelevant.); and, *United States v. Grimm* (citation omitted) (excluding evidence that used car dealer paid for some cars instead of stealing them.); also, (Evidence of lawful transactions could . . . complicate[] the case and confuse[] the jury. )  Here, evidence that Defendant Frank Roman is decorated veteran and highly feted law enforcement officer sworn to uphold the highest virtues and integrity of both his military and law enforcement office is 405(b) evidence of specific acts that relate to the defendant s character trait, reputation and opinion.  This case was not charged as a 26 U.S.C. §7207 misdemeanor as were some of the other similarly situated persons in this District.  This is a willful, felony tax fraud case.  As such Roman, his defense counsel or his witnesses should be allowed to testify/argue of specif instances of good moral conduct to show character by way of reputation or opinion.

4. The defendant has no objection to the Government s Motion In Limine contained in their pleadings at paragraphs IV - VI.

                                              Respectfully submitted,

                                              /s/ Gerardo S. Gutierrez, Esq.

GERARDO S. GUTIERREZ,
Attorney at Law
53 W. Jackson Blvd. Ste. 1122
Chicago, IL 60604
(312) 786-9970