UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 327 |
| v. | ) | |
| | ) | Judge Matthew Kennelly |
| FRANK ROMAN | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTIONS
TO THE GOVERNMENT'S MOTIONS IN LIMINE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following reply to defendant's objections to the government's motions in limine seeking pretrial rulings on the admissibility of certain evidence and the propriety of certain arguments.

In Section III of the Government's Motion in Limine, the government moved the Court to exclude all evidence offered by defendant of his lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a). The defendant responded that evidence of his valor and "good moral conduct" would be admissible to show character by way of reputation or opinion. D. Objections, p.3 ("Here, evidence that Defendant Frank Roman is decorated veteran and highly feted law enforcement officer is 405(b) evidence of specific act acts that relate to the defendant's character trait, reputation and opinion."). This argument should be rejected.

The defendant may introduce evidence of a "pertinent trait of character" under Federal Rule of Evidence 404(a)(1). Such evidence generally must be in the form of testimony as to reputation or by testimony in the form of an opinion, but "[i]n cases in which character or trait of character of

1

a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct." Fed.R.Evid. 405(b).

At least two Federal Court of Appeals have concluded that evidence of valor by police officers is not a pertinent character trait under Rule 404(a).[1] In *United States v. Nazzaro*, 889 F.2d 1158 (1st Cir. 1990), the First Circuit Court of Appeals upheld the district court's refusal to admit evidence of a police officer's commendations and military record. The defendant, a police officer, had been convicted of two counts of perjury, and two counts of conspiracy to commit mail fraud. At trial, the defendant sought to introduce his resume and other anecdotal evidence of commendations received by him in military service and as a police officer, including a medal bestowed on him for special valor. 889 F.2d at 1168. The district court rejected this evidence. In upholding the district court's ruling, the First Circuit Court of Appeals explained that "[a]ssuming, without deciding, that these materials can be considered 'character evidence' at all, the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes of which Nazarro stood accused." 889 F.3d at 1168. The Nazarro court further noted that such evidence, as had been presented, constituted "classic hearsay, and inadmissible for that reason as well." 889 F.2d at 1168.

The Court of Appeals for the District of Columbia reached a similar conclusion in *United States v. Washington*, 106 F.3d at 983 (D.C. Cir. 1997). The defendant, a police officer, was convicted of attempted possession cocaine with intent to distribute and weapons offenses, notwithstanding his entrapment defense. The defendant attempted to introduce evidence of several commendations he earned while on the police force, but the district refused its admission. 106 F.3d

---

[1] The Government has not located any other caselaw to the contrary.

2

at 191. The *Washington* Court upheld the district court's ruling, stating that "the commendations were not admissible . . . because appellant's 'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged. 106 F.3d at 191.

Here, any evidence of defendant's "good moral conduct" or valor in the line of duty is likewise irrelevant. D. Objections, p.3. Such evidence is not pertinent to the crimes to which defendant has been charged – filing materially false income tax returns in 1998 and 1999. *Nazzaro*, 889 F.3d at 1168. Accordingly, the defendant should be precluded from introducing any such evidence.

## CONCLUSION

WHEREFORE, the UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, respectfully requests that this Court grant the government's motion in limine.

                              Respectfully Submitted,
                              PATRICK J. FITZGERALD
                              United States Attorney

By:  s/ Stephen A. Kubiatowski
      Stephen A. Kubiatowski
      Assistant United States Attorney
      219 South Dearborn, Room 500
      Chicago, Illinois 60604
      (312) 353-0589
      Stephen.Kubiatowski@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

### GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S MOTIONS IN LIMINE

were served pursuant to the **district court's ECF system** as to **ECF filers, if any**, and **Hand-Delivered a Stamped Courtesy Copy to Judge Kennelly's chambers and given to Defense Counsel Gutierrez in court on February 9, 2006**, to the following **non-ECF Filers**:

**Law Offices of Gerardo Gutierrez**
**53 West Jackson Blvd.**
**Suite 1122**
**Chicago, IL 60604**

                                      By:    s/Stephen A. Kubiatowski
                                                  STEPHEN A. KUBIATOWSKI
                                                  Assistant United States Attorney
                                                  219 South Dearborn Street, 5th Floor
                                                  Chicago, Illinois 60604
                                                  (312) 353-0589