UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Vs. ] | No.  05 CR 327 |
| ] | |
| FRANK ROMAN. ] | Judge Matthew Kennelly |
| ] | |

### DEFENDANT ROMAN S OBJECTIONS TO THE GOVERNMENT S MOTIONS IN LIMINE

COMES NOW the defendant, FRANK ROMAN, by and through his counselor at law, GERARDO SOLON GUTIERREZ, and respectfully objects to the Government s Motions *In Limine* as follows:

1. **The Government Moves to Preclude Evidence and Argument Regarding Penalties**. Defendant acknowledges his duty under *Richardson* and *Lewis*. However, discussions concerning taxes, to wit: how taxes are collected, how they are reported and how tax penalties are assessed, calculated or imposed are fair game. And, while counsel does not intend to argue that if convicted the defendant would lose his right to carry or use firearms or work in law enforcement, many jurors might speculate whether this particular police officer will remain on the force. Thus, at the appropriate time, the Defense intends to ask for a limiting instruction that the jury is not to consider what if anything will happen to the Defendant Frank Roman should he be convicted of the felony offense charged in the indictment.  This Court has an obligation to anticipate such speculation and to correct any juror mis perception.

2. **The Government Moves to Preclude Evidence and Argument Designed to Elicit Jury Nullification.** Defendant acknowledges his duty under applicable Seventh Circuit

precedent, and its prohibition against attorneys arguing for jury nullification. However, the basic presumption behind the Government's motion *in limine* is that for the defendant to be found not guilty would constitute an unreasonable jury verdict. This palliative should equally be avoided at all cost.

3. **The Government Moves to Preclude Evidence and Argument of Lawfulness and Non Corrupt Conduct by the Defendant, Including Evidence of Prior Good Acts.**

The Defendant acknowledges his duty pursuant to the requirements of F.R.E. 405. Methods of proving character through Rule 405 evidence include (a)(i) reputation: what the *community* thinks about a person's character trait, and (ii) opinion: what the *witness* thinks about a person's character trait. However, F.R.E. Rule 405(b) states in part that a specific instance of conduct has to be in the pleadings, where the substantive law calls for it. Specifically, the character of a person is plead as an issue in a claim or defense where character is an essential element of a charge, claim, or defense. Here the indictment charges that the defendant acted willfully in presenting a tax return form he knew was untrue, and signed a sworn document under penalty of perjury, that he knew to be a falsehood. This particular charge accuses the defendant of being not only a scofflaw, but a liar and a tax cheat. Thus, pursuant to F.R.E. 405(b), the Court should allow for specific examples of acts to show reputation, and opinion such as those seen in slander/defamation cases, or as in a civil case where the pleadings include punitive damages such as the daycare hiring of a child molester. As such specific acts that relate to the person's character trait, reputation and opinion may also be used. The cases cited by the government are inapposite to those charges filed in this matter or the types of evidence

anticipated in this case. *See generally, United States v. Scarpa* (citation omitted) (excluding taped proof that the defendants met regularly and did not discuss criminal activity); *United States v. Beno* (citation omitted) (Evidence of non-criminal conduct to negate inference of criminal conduct is generally irrelevant.); and, *United States v. Grimm* (citation omitted) (excluding evidence that used car dealer paid for some cars instead of stealing them.); also, (Evidence of lawful transactions could . . . complicate[] the case and confuse[] the jury. ) Here, evidence that Defendant Frank Roman is decorated veteran and highly feted law enforcement officer sworn to uphold the highest virtues and integrity of both his military and law enforcement office is 405(b) evidence of specific acts that relate to the defendant s character trait, reputation and opinion. This case was not charged as a 26 U.S.C. §7207 misdemeanor as were some of the other similarly situated persons in this District. This is a willful, felony tax fraud case. As such Roman, his defense counsel or his witnesses should be allowed to testify/argue of specif instances of good moral conduct to show character by way of reputation or opinion.

4.  The defendant has no objection to the Government s Motion In Limine contained in their pleadings at paragraphs IV - VI.

5.  The government asks the Court to preclude defense counsel from arguing the Golden Rule. For its authority it cites *United States v. Teslim*, 869 F. 2d 316, 328 (7th Cir. 1989). The *Teslim* case involved a prosecutor making an argument during closing which asked the jury to disregard the defendant s presumption of innocense in a drug courier *Terry* stop case. Stated the court, "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it

encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.' " *Spray-Rite Serv. Corp. v. Monsanto Co.,* 684 F.2d 1226, 1246 (7th Cir.1982), aff'd, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984) (quoting *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir.1978), *rev'd on other grounds,* 606 F.2d 524 (5th Cir.1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980)). The government should not have asked the jurors to put themselves in defendant's position. *Teslim* 869 F.2d 316, 328. None of the cases cited by the government for support of this proposition talks about a defendant making that same argument to the jury. The government did not object to this statement during the first trial. The Golden Rule argument flies in the face of a defendant s right to argue all reasonable inferences drawn from the case permissible by his defense. See generally, *United States v. Bailey* 444 U.S. 394, 415-417, (1980); *United States v. Haynes*, 97 CR 10, SLIP OP 97-2997 (7th Cir. 5/13/98)( A judge may and should generally block the introduction of evidence supporting a proposed defense unless all of its elements can be established.) Since this is a case which involves willfulness as its only disputed element, the reasonableness of defendant s conduct is at the epicenter of every American s mind who engages in such conduct: namely, the exactitude and correctness of their signed and verified income tax returns. Thus, it is a perfectly legitimate defense to ask the jury to place itself in the shoes of the defendant to judge whether or not his or her conduct was reasonable in light of all the evidence. Counsel only asked of the jury what every other attorney has asked in these types of cases before and since: to judge the defendant s conduct as you would judge your own when filling out ones income tax

returns.

This case is inapposite to the plaintiff's appeal of the Golden Rule cited in *Teslim*. It is a matter of effective representation by counsel, offered in support of or in defense of one of the key elements to the charged offense. To preclude counsel from asking the jury to think about what is reasonable behavior for them, or their loved ones for that matter, is to infringe upon the defendant's 6th Amendment right to effective counsel, even the Due Process right to a jury trial, since presumably, jurors have the right to adduce what is reasonable behavior in doing something every American, after President Franklin D. Roosevelt, has done, chiefly: pay income taxes. To say that personal interest can never be infused into closing argument by the defense, is to overlook what defense attorneys have been doing for years in this very type of *mens rea* case. The court need only to look at its recent *United States v. Kieth Fuelling* case by way of example, where Terrence Gillespie asked the jurors the same question on behalf of Mr. Fuelling. (Citation omitted).

6. The government asks the court to preclude any reference to the previous trial when they seek to offer the defendant's own testimony against him for purposes of impeachment. If and when the defendant testifies, and presumably responds differently or in contravention of prior testimony, then the issue will be, how to demonstrate to the jury where this prior inconsistent testimony came from, and doing so in such a way without prejudicing the government for having tried him once before. To the extent that the Court first determines that the prior testimony is inconsistent to that on the stand and therefore admissible for impeachment purposes, the defense is entitled to put the matter into context

without being bound by the misleading and generic phrase: prior proceeding. The doctrine of *res gestae* involves telling the whole story, in what context those statements were made and to whom. The government cites no law for support of their proposition to, in effect, sterilize the record. Nor do they offer any specific text from the previous trial transcripts which they anticipate will be impeachment material. If the government were to impeach Mr. Roman on a material issue which he answered differently in the previous trial, then counsel should be able to rehabilitate the defendant by asking him in what context did he make that statement, including his fear, apprehension and nervousness to being questioned under oath by a United States prosecutor in front of a roomful of attentive jurors. No one needs to be told this is a retrial, or that the first trial ended in a hung jury, or even that the defendant was the one on trial and testifying on his own behalf. However, to sanitize the defendant s answers on the witness stand in his own defense by calling them the prior proceeding is to remove any context from the defendant s answers to cross examination by the government s attorneys. Counsel objects to the term prior proceeding.

                                            Respectfully submitted,

                                            /s/ Gerardo S. Gutierrez, Esq.

GERARDO S. GUTIERREZ,
Attorney at Law
53 W. Jackson Blvd. Ste. 1122
Chicago, IL 60604
(312) 786-9970