**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 05 CR 327 |
| ) | |
| FRANK ROMAN ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Frank Roman was charged with willfully filing false income tax returns for the years 1998 and 1999. Mr. Roman pled not guilty. After a trial, the jury deadlocked and could not reach a verdict; the Court declared a mistrial. On retrial, a different jury convicted Mr. Roman on both charges.

Mr. Roman has moved for entry of a judgment of acquittal or for a new trial.[1] He argues that the government failed to prove beyond a reasonable doubt that he *willfully* filed false tax returns; counsel for the government made improper arguments; the Court improperly excluded certain evidence; and the Court improperly precluded certain defense arguments. For the reasons stated below, the Court denies Mr. Roman's motion.

**Discussion**

**1. Sufficiency of the evidence**

It is undisputed that the law required the government to prove that Mr. Roman willfully

---

[1] Though Mr. Roman's motion is denominated as a motion for judgment of acquittal, certain of the arguments, if accepted, would lead not to entry of a judgment of acquittal, but rather to an order for a new trial. The Court therefore treats the motion as one that seeks a judgment of acquittal, or in the alternative a new trial.

filed false tax returns. Mr. Roman challenges the sufficiency of the evidence offered to prove his willfulness. In assessing this challenge, the Court views the evidence in the light most favorable to the prosecution, drawing reasonable inferences in its favor; the Court may enter a judgment of acquittal only if no rational jury could have found Mr. Roman to have committed the essential elements of the crimes charged. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

The evidence presented at trial showed that Mr. Roman, who was employed as a police officer, took a second job providing security service at a local "gentlemen's club." He was paid in cash for this work. The evidence was sufficient to permit the jury to find that Mr. Roman received around $26,000 in cash income from the club in 1998 and around $11,000 in 1999. It was undisputed at trial that Mr. Roman did not report this income on the joint income tax returns that he and his wife signed and filed for those years (including an amended return they filed for 1998).

Government agents interviewed Mr. Roman in December 2004. Before the interview, they advised Mr. Roman that they were investigating unreported cash income that he had received and that he was a target of their investigation. Mr. Roman agreed to submit to an interview. During the interview, Mr. Roman stated that a tax preparer had prepared the 1998 tax return and that his wife had prepared the 1999 return. He identified his signature on both returns. Mr. Roman told the agents that he knew at the time he signed the returns that his income from the club was taxable and had to be reported but that the income was not reported on the returns.

Mr. Roman testified in his own defense. He stated that when he started to work at the club, he was not asked to fill out a form for withholding taxes from his pay and was not asked for

his Social Security number.  He said that he was not advised regarding any responsibility to keep track of his income for tax purposes.  Mr. Roman testified that it had not been his intention to cheat the government and that he had not willfully or purposely filed false income tax returns.

Mr. Roman testified, contrary to what he said in his interview by the government agents, that he was not aware he had an obligation to report the income on his return.  Though he conceded he had signed the tax returns under an oath that they were truthful, he said that he had simply made a mistake and that he had not looked over the returns carefully at the time.  Mr. Roman admitted he had not advised the tax preparer or his wife about his income from the club.  He claimed, however, that he did not realize he had an obligation to do so, suggesting he assumed the club would report what it had paid him.

Mr. Roman also called several character witnesses to testify.  Some offered opinion testimony; others offered reputation testimony.  Each of these witnesses testified, in substance, that Mr. Roman was a person of great honesty and integrity.

The evidence, taken in the light most favorable to the government, was sufficient to prove Mr. Roman's guilt, and specifically his willfulness, beyond a reasonable doubt.  In simple terms, the jury was entitled to believe the testimony of the government agent that Mr. Roman had admitted knowing at the time he signed the returns that they contained unreported income but nevertheless signed the returns and allowed them to be filed.  The jury was not required to believe Mr. Roman's claim that he had made a mistake and had not knowingly or intentionally failed to report his income from the club.  The Court is not entitled to second-guess the jury's credibility assessments.  "It is the jury's exclusive function to evaluate the credibility of witnesses, resolve conflicts in evidence, and draw reasonable inferences from the evidence

presented." *United States v. Cunningham,* 108 F.3d 120, 121 (7th Cir. 1997).

**2.      Government argument**

During opening statement, the prosecutor referred to the fact that Mr. Roman, as a police officer, took an oath to uphold the law. Defense counsel did not object to the statement. During cross examination of Mr. Roman, the prosecutor asked Mr. Roman whether he took an oath as a police officer; whether that was an oath to uphold the law; whether that meant all the laws, state and federal; and whether that included the tax laws. Again, defense counsel did not object. Mr. Roman answered yes to each question. After the last of these questions, the Court, acting *sua sponte,* called for a sidebar conference. At the sidebar, the Court advised the prosecutor that we did not believe her last inquiry was proper because it suggested that Mr. Roman somehow had a higher duty than other citizens to obey the tax laws. Government counsel advised that was not her intent. The Court had (and has) no reason to doubt her veracity. We advised the government, however, that we would not permit further inquiry along these lines. Following the sidebar, the Court struck the last question and answer – the one concerning whether Mr. Roman's oath as a police officer to uphold the law included the tax laws – and directed the jury to disregard that question and answer. The government made no reference to the point thereafter, including during closing and rebuttal argument.

Mr. Roman now contends that the government's argument in opening statement and the question at issue was improper. Possibly so, but the Court is not persuaded that this deprived Mr. Roman of a fair trial. *See, e.g., United States v. Anderson,* 303 F.3d 847, 854 (7th Cir. 2002). First of all, the jury was instructed that it had to find the facts based on the evidence and that opening statements were not evidence. Second, even if the suggestion that Mr. Roman

4

might have had a higher duty than others vis-a-vis the tax laws was improper, our instruction to the jury following that question, in which we struck the question and answer and directed the jury to disregard it, obviated any potential for unfair prejudice. Finally, there was ample evidence proving Mr. Roman's guilt of the crime, and thus any error in the prosecutor's argument and inquiry was harmless.

**3.      Exclusion of evidence**

Mr. Roman argues that the Court erred in excluding prior "specific instances of good, moral and honest conduct" on his part. Def. Motion at 4. Mr. Roman cites no specific evidence that he contends was improperly excluded and that might have affected the outcome of the case. The Court rejects Mr. Roman's argument. Federal Rule of Evidence 405, which Mr. Roman cites, permits proof of good character through evidence of specific acts only when character or a particular trait of character is an element of the charge or a defense, which was not the case here. *See* Fed. R. Evid. 405(b); *see also, e.g., United States v. Beno,* 324 F.2d 582, 589 (2d Cir. 1963).

The general rule is that a defendant may not seek to establish his innocence through evidence that he did not commit criminal acts on other specific occasions. *See, e.g., United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990). There is authority supporting the proposition that when a defendant is charged with engaging in an ongoing scheme to defraud, evidence of honest activity related to the alleged scheme is admissible to show the defendant's lack of criminal intent. *See, e.g., United States v. Shavin,* 287 F.2d 647, 653-54 (7th Cir. 1961). But this is not such a case; Mr. Roman was charged with filing false tax returns on two specific occasions. Thus evidence that he acted honestly and honorably on other specific occasions unconnected with the filing of tax returns was irrelevant. In any event, Mr. Roman offered

5

numerous witnesses who testified regarding his character for honesty, which was unquestionably proper evidence. *See* Fed. R. Evid. 404(a)(1). In sum, the Court's exclusion of evidence of specific good acts by Mr. Roman was neither erroneous nor prejudicial.

**4. Preclusion of defense argument**

Before closing argument, pursuant to an *in limine* request by the prosecution, the Court precluded Mr. Roman's counsel from arguing to the jury that there, but for the grace of God, goes each of them. Defense counsel in effect wanted to ask the jurors to put themselves in Mr. Roman's shoes. The ruling was correct; the argument would have been improper. *See, e.g., United States v. Teslim,* 869 F.3d 316, 328 (7th Cir. 1989).

**Conclusion**

For the reasons stated above, the Court denies defendant's motion for a judgment of acquittal.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 7, 2006